Timothy Donahue appearing for appellants, Nanette Sanders appearing for Appalee. Okay, let's get an appearance from the appellant. Is that Appellants Council on the screen? Yes, sir. Good morning, Your Honor. Timothy Donahue for the appellants. Okay, I'm going to ask you how long you want to reserve and there's a bit of a There's another point to be noted here. There have been it's been remarked that there are some conflicts issues and questions of who you represent and who you have represented. I'm not sure to what extent we're going to get into that today. To the extent that you're where the adversary wants to talk about that. If you want to reserve a little more time for rebuttal on the theory of that, that'll be your chance to address those issues. Feel free. I'm not sure how you're going to do it. Otherwise. Okay. So how long how long do you want to reserve two minutes? Two minutes? Okay. All right. You may proceed. Thank you. This is a case about a group of elderly members of a Christian organization who worked for the organization's commercial enterprises. There were two commercial enterprises operated by peacemakers. One was a construction company. The other was a craft store. My clients worked in in these enterprises. Performing various services. This appeal raises essentially five mistakes from the courts below. Stemming from the sustaining of the trustees. Second, omnibus objection to the proofs of claim that were submitted. The first error is a procedural error. Using the local rules in the court. Mr. Donahue, can I interrupt you there? I'm aware of that argument. I think we all are. I would suggest you move on to the other because I think there's some very big questions here we need to discuss. And that one seems to pale in a bit of comparison. Okay. The second mistake below stems from the misapplication of the Tony Alamo case. This very issue went to the United States Supreme Court. The Supreme Court looked at this very issue and concluded that the way the FLSA is applied is by looking at the. Whether or not the organization was involved in a commercial enterprise. Which obviously peacemakers was the 2nd. Portion of that case refers to determining whether or not. These members would qualify as can I interrupt again? Mr. Donahue? And I apologize, but. What is the basis for the claim? It's claim. What is the legal basis? What is the legal authority? Because I've read the record until the reconsideration. And even then, I don't really see any reference to FLSA. The FLSA is addressed in the Tony Alamo case. But when did you raise it? Because I looked at your proof of claim, the proof of claims that were filed. It just says money do. And there's a reference to California statute limitations. That there's no reference to any federal statute, much less the FLSA. Well, I believe we did raise this at a number of points in the court below. I looked at your briefing and even quite honestly, the the appellate matter. I didn't see any reference statutory sites to FLSA. I see a site obviously to Alamo. A little late in the day for that. Yeah. So where where was the reference that these claims are being brought under FLSA? It is referenced in our reconsideration motion and in the Tony Alamo case, which. Discusses the FLSA, so it wasn't. In the response or in the proof of claim. Well, the proof of claim we were we were not required to set forth the FLSA in the proof of claim. We don't want to attach evidence. That's our position that the burden shifts to the trustee. And when their objections were sustained improperly. But what is the basis? Let me get it. Are you asserting that these claims are brought under FLSA or are they brought under California law? They're brought under FLSA under the Tony Alamo case. OK. We believe that based upon the Supreme Court's decision on these identical facts where the court determined that these individuals were employees and not volunteers. Carries the day. That's the law of the of the land. It should have been followed in the court below. And that the the factual finding by the court below that. These individuals did not qualify as employees and therefore their proofs of claim were rejected. Runs directly contrary to what the Supreme Court. Why? Why is that? What was wrong? What was the error in the judge's decision? And please be specific as to the original decision versus the reconsideration, if you could. The the error was a couple. Number one, it was procedural in sustaining a blanket objection to all of the claims. There were eight different claims and they were all viewed as a group versus being considered individually. That's one. Number two, there was a misapplication of the Tony Alamo decision. That decision describes the procedure that needs to be followed in. In determining if it was a commercial enterprise and whether the individuals then qualify as employees, the court below relied upon the testimony of the of management. And in the Tony Alamo case, the courts specifically said that obviously management is going to have a conflict of interest. And they're going to say that these people did not need to be paid, that they were in fact employees. And the opinion of submitted by by the employer by management is irrelevant. That's not the test that should have been applied below. What should have been applied below is what was the expectation? Why were these individuals performing this work? Why were they performing this service? They were doing so with the expectation, the expectation that they would receive benefit, that they would receive some sort of compensation. And they were receiving compensation, but they were not receiving any wages. And this is an issue of being paid wages, minimum wages as required by law. Since they weren't paid, their proofs of claim should have been accepted. They should not have been rejected. They should have been able to go forward with their case, but they were denied that opportunity. Well, and the best evidence of that is things they didn't say for years. I'm sorry, the best evidence of that is things they didn't say for years. Did they did they frequently express, gee, where's my benefits and wages? Well, the evidence submitted was a spreadsheet to the court. That's a calculation, right? That's nothing more than a calculation, is it? And then they're that's correct. And then their declarations under oath stating what they did and why they did it and for how long they did it. All consistent with exactly what the Supreme Court ruled on in the Supreme Court ruled on the conclusion here. Here's how you get our analytical difficulty with this, right? This all rests on a statute you didn't directly cite. That's Judge Baker's first point. You cite the Alamo case, which does talk about the statute and gives courts a way to think about the statute. That's sort of the end result, right? There's an awful lot missing here. That's what we're trying to struggle with. Well, I don't I don't think there's much missing if we review the declarations, the evidence submitted. It seems very apparent and we believe it was was apparent to the court below that this should have been treated exactly the same way that the Supreme Court declared that it should be analyzed and reviewed. And it was not. The Supreme Court in Tony Alamo said that, you know, one of the very dangers is to rely upon testimony of the the employer in the employer's opinion as to whether or not the individual qualifies as an employee or a volunteer. Well, yeah, it's self-serving, but so is the employee's declaration, right? Well, the employee doesn't give an opinion, though, about whether or not they're an employee or a volunteer. The employees. They state what they were doing and why they were doing it. Yeah. After how many years are they stating that? Many, yes, many, many years. Yeah. Did they ever state it before? No, the answer is no. Right. Thank you. OK, let's go ahead. I think the point on top of that is why, as an appellate court, can we not look at Judge Clarkson's decision and say he just didn't believe him? Given the length of time that they have not sought any wages. And there's some dispute as to where the housing and food and clothing came from. Why is that not evidence that there was no actual intent for compensation? Well, the intent for compensation was there because they were receiving compensation and they were comfortable with that compensation. Does the declaration say that? Yes, I believe it does. And the declarations should be broadly and liberally construed and upholding their right to a fair hearing. So for years and years, as you were just indicating, the opportunity for them to stand up and say, I'm an employee or I think I'm an employee never came about. There was never any reason for them to cross that bridge until the state court trial in the McKinney decision where it was determined that she was an employee and she was entitled to wages. And that fact should be almost binding in this case. I mean, the people did the same type of work. They worked at the same location. They worked over the same years doing the same thing. So one's to be considered an employee and the others are not. It's inconsistent. It's not fair. It's not right. And it doesn't follow along with the Supreme Court decision. So, Mr. Donahue, I'm going to object because you're getting very I'm going to interject because you're getting close to two minutes. I'm looking at the declaration of Jean Mueller, which is the first declaration submitted in your response. It doesn't seem to include any discussion about the housing, the clothing, the food. In light of that, then, is that dispositive? There was no evidence then necessarily presented. If you want to noodle that one and come back with your minutes, you can. That seems like a big point. Why don't we do that? Why don't we let's turn to the APOE? Thank you. OK, thank you. You bet. Good morning to the panel. May it please the court. Nanette Sanders of Ringstead and Sanders on behalf of Karen to Naylor, the chapter seven trustee for in rate peacemakers. The appellee having listened to the court's comments as well as the arguments of counsel. First, this is an appeal of a motion for reconsideration. I think the rule fifty nine issues have been thoroughly briefed. Reliance on. But you're not contending we can't consider the objection to claim. Absolutely not. Absolutely not. That's not what the. OK. No, it's not what the briefing has said. You go ahead. Well, I think. No, I wasn't saying I wasn't disagreeing with you. No, I was. I was agreeing with you in this negative. I apologize. That's OK. That makes it OK. So. The appellants appear to be relying heavily on the declarations that they submitted in support of their response to the objections. And as has pointed out through the court's questions, those declarations are woefully inadequate to establish the elements that would be needed under the Alamo case, even if the Alamo case had been argued in connection with that response. Well, I mean, if it's if it's it's the law. Was the theory of the motion for reconsideration manifest error or something else? By the court or by the appellants? Well, let's start with the appellant. I think there was a fundamental error on the part of counsel. No, no, no, no, no, no. I I'm sorry. I misstated. If the court if the Supreme Court has told us how to look at these issues and that were brought up on a motion for reconsideration as a manifest error, that that had not happened. OK, address that for us, if you will. As the court actually. Dated in its order, it specifically considered that issue. I agree it's incumbent upon any court to reconsider previous decisions to see if an error was in fact made based upon the record presented. The appellants came nowhere close to establishing that which would be required under Alamo to establish one, that they were employees or two, that they were entitled. They had a expectation of compensation. The facts are markedly different here than were in the Alamo case, notwithstanding counsel's arguments to the contrary. So I believe the court thoroughly addressed that question. Is the is the test for expectation of compensation Alamo Foundation? Is that a subjective test or an objective test? In other words, in Alamo Foundation case, the the litigants, the employees didn't have an expectation. But then the court, the Supreme Court said that they did. So it seems like it's more of an objective test rather than subjective test. So to what extent does it really matter what the fellowship members thought about whether they were receiving a compensation or not? Absolutely. It's an objective test. If, however, the appellants intended to establish that they were entitled to compensation by virtue of the Alamo case, it was incumbent upon them to at least give the court their position as to what they were entitled to. They make no representation that they were employees. They make no representation that they believe they were entitled to compensation. They don't even talk about what. Initially, they argue that the fact that they received room and board made them employees. And yet in their motion for reconsideration, they go back and argue we didn't get room and board. So the evidence before the trial court. I think it goes to credibility of the witnesses as to what their real position was. These individuals did, in fact, receive room and board. They received every every form of room and board one could possibly get down to paying for their vet bills and buying orthopedic shoes. The debtor literally paid for anything that these individuals needed. That is not addressed anywhere in their declarations, nor is it raised in in the motion for reconsideration. But you agree that they did get room and board and other life support. The debtor's books and records reflect that the during the entire tenure that some of these people have been fellowship members for almost 50 years, that the debtor's books and records reflect that all mortgage payments on the residences that they reside in to this day were paid for by the debtor. They were provided vehicles, all of their insurance was paid, all of their gas, all their car repairs, all their clothing, all of their food, all of their cell phones. Any any basic necessity of life was provided for by the debtor. That seemed to be the case in Alamo, too. It basic room and board was provided, basically a place to sleep and food was provided in Alamo. The individuals involved were participants in a program who came in the case, but specifically talks about them being drug addicts, prior felons. They were essentially going through rehab programs here. We're not talking about participants in a program. These were fellowship members and the all of the record that submitted evidence is that this group of 19 people ran the debtor's operations. They met all of this. They ran the commercial enterprise. They made all of the decisions. They decided what was what was being done, what was being paid, how the debtor operated for almost 50 years. They weren't participants going through the program and then leaving to kind of lock down a fundamental point. Does the trustee agree that Alamo does control and therefore the FLSA is really what we're looking at? It's a Supreme Court case. It's hard to argue that it wouldn't. But the facts, the facts are significantly different. It just helps to know what we're looking at. It's hard to argue otherwise. I appreciate that. If the court has no further questions, I think that all of the issues here have been thoroughly briefed. We have extensive excerpts of record. I'll ask one. The claimants did in the response attach the McKinney judgment. And the McKinney judgment goes through the questions presented ostensibly to inform the judgment. Was Ms. McKinney due wages? Yes. Was she due overtime? Yes. And breaks and all that, all incidents under presumably FLSA that established she was an employee entitled to wages, at least minimum wages under that. Ms. McKinney, my understanding, was a member as well of the community. Correct. Why is that not controlling? I understand there's tort claims that are not here. I get that completely. But as her status as a fellowship member who was awarded in a prior action these wages, why doesn't that control these claims? Because the circumstances of Ms. McKinney are markedly different than the fellowship members. Because she's vulnerable. She was determined to be a dependent adult under California law. She was found to be incapable of understanding much of what was happening around her. One of the issues was the fact that the fellowship members took her disability payments from her each month. She also said that they wouldn't allow her to see her child who also lived but in a different house. There were very fundamental differences. But the problem gets to the test, doesn't it? Because if, as Judge Newman was asking, it's an objective test and that was the result they got on the wages, who knows about the tort? Because that's not even before so we don't have to go there. If it's an objective test, then what's the difference? I understand the argument. Under the circumstances, given the facts that were presented under McKinney, the objective test and I think the subjective, any subjective test were met. Here, objectively, the facts in the record as presented by the appellants themselves, they do not meet, they were not, they would not be under those elements determined to be an employee under Alamo. There was no expectation. They, by their own declarations, do not acknowledge an expectation. So I think we're talking about both objective and subjective. But I think under either test, given the facts, they've constructed claims out of whole class just because she got a judgment, we get a judgment. That judgment was issued in 2023. They didn't file bankruptcy until 2024. During that intervening period of over a year, they did not say, well, we get wages too and start taking wages. It was something that was created by debtors council in the chapter 11 pre-conversion to meet the best interest of creditors test because they were trying to diminish any funds that Miss McKinney might ultimately get through a plan. And there's also no mention or argument of preclusion that is in the briefing that I've seen. I'm not aware of any. No, I'm fine. Thank you. Thank you. Thank you very much. Okay, you have a little under two minutes. Go ahead. Thank you very much. I would agree with the comments from the court that I heard regarding the McKinney decision. That's essentially raised to Dakota in this case. Did you raise that? Yes, we've raised the McKinney finding. Did you raise the conclusion argument? I'm sorry. Did you raise a preclusion argument? Preclusion arguments. Yes, I believe we did. I cannot cite. I didn't see it. Yeah. But I believe it is something that the court was bound to consider below. Well, it's bound to consider it if you raise it. Yes. Right. I mean, it doesn't just exist in nature. Somebody's got to tell the court. This is an argument we're making. And Judge Spraka's concern is we ain't seeing it. I would like to respond to what counsel said a few moments ago about the compensation received in the form of room and board and other benefits. And yes, that is correct. This is just exactly what the Tony Alamo decision talked about. And in the Tony Alamo decision, again, the employees talked about the fact that they didn't think they were employees. They didn't want to be considered employees. And the Supreme Court said it doesn't matter. It doesn't matter what your opinion is. It matters what you do. It matters how it's being done and why it's being done. And in the Peacemaker's situation, these people, there's no evidence. There was no evidence that they were working for free, that they ever intended to work for free, that they ever intended to work as volunteers. They weren't volunteering or giving away anything. They were performing services in exchange for something, in exchange for a benefit, in exchange for something valuable. But they never got paid wages. And now Ms. McKinney is being compensated by way of wages, and this is just not right. It's not fair. These other employees should be treated identical. They should be. Okay, you're 40 seconds over time. Thank you very much. Okay. Thank you. Okay. We'll take the matter under submission. We'll get you a written decision as soon as we can. Thank you very much. Thank you. Thank you. Thank you.
judges: Lafferty, Spraker, and Niemann